UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ROBERT BOTCHLER,

        Plaintiff,

 -against-

HUNTER ROBERTS CONSTRUCTION
GROUP, LLC, JEFFREY VAN SCHACK,
RICHARD KEARN, and PAT HEARTY,
(sued in their individual capacities
pursuant to NYEL§ 290 *et seq.*),
        Defendants.
------------------------------------------------------X

CV:

**COMPLAINT**

**JURY TRIAL DEMANDED**

  Plaintiff, Robert Botchler ("plaintiff"), by his attorneys SCOTT MICHAEL MISHKIN, P.C., complaining of the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

  This case is brought based on his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, ("hereinafter ADEA") for Hunter Roberts Construction Group, LLC ("Roberts"), Jeffery Van Schack ("Van Schack"), Richard Kearn's ("Kearn"), and Pat Hearty's ("Hearty") discriminatory and disparate treatment of plaintiff as compared to his similarly situated co-workers, as a result of his age and pursuant to New York Executive Law §§ 290 *et seq.* ("NYEL") for Roberts', Van Schack's, Kearn's, and Hearty's aiding, abetting, and participation in the discrimination against plaintiff due to his age.

## JURISDICTION

  FIRST:  The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 621 *et seq.*

  SECOND:  This Court has proper jurisdiction under 28 U.S.C. § 1331, as this matter is raised under § 2611 *et seq.*

THIRD: Plaintiff timely filed his administrative complaint under the ADEA with the United States Equal Employment Opportunity Commission ("EEOC").

FOURTH: Plaintiff has timely commenced this action within Ninety (90) days of his receipt of his EEOC Notice of Right to Sue, dated October 20, 2016.

FIFTH: The Court also has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367(a), as plaintiff's NYEL claims form part of the same case and controversy.

## VENUE

SIXTH: The unlawful practices alleged below were committed within the State of New York, County of Suffolk.

SEVENTH: At the time of the unlawful practices, plaintiff was a resident of Suffolk County in the Eastern District of the United States District Court of New York.

EIGHTH: Roberts conducts substantial business in Suffolk County in the State of New York.

NINTH: The causes of action herein arouse in Suffolk County, State of New York.

TENTH: This Court is hereby the proper venue under 28 U.S.C. § 1391(b).

## PARTIES

ELEVENTH: At all times relevant to this action plaintiff was a Seventy (70) year old male who is a United States Marine Corp Veteran and Purple Heart recipient.

TWELFTH: At all times relevant to this action plaintiff was an employee as defined under the ADEA and NYEL.

THIRTEENTH: At all times relevant to this action Roberts was an employer as defined under the ADEA and NYEL.

2

FOURTEENTH: At all times relevant to this action Van Schack was a Supervisor at Roberts who had the authority to hire, fire, and make personnel decisions.

FIFTEENTH: Van Schack aided, abetted, incited, controlled, compelled, and/or coerced the acts against plaintiff that are forbidden under NYEL.

SIXTEENTH: Van Schack actually participated in the conduct giving rise to plaintiff's discrimination claims and is thereby individually liable for his willful, wanton and malicious discriminatory treatment against plaintiff pursuant to NYEL.

SEVENTEENTH: At all times relevant to this action Kearn was a Supervisor at Roberts who had the authority to hire, fire, and make personnel decisions.

EIGHTEENTH: Kearn aided, abetted, incited, controlled, compelled, and/or coerced the acts against plaintiff that are forbidden under NYEL.

NINETEENTH: Kearn actually participated in the conduct giving rise to plaintiff's discrimination claims and is thereby individually liable for his willful, wanton and malicious discriminatory treatment against plaintiff pursuant to NYEL.

TWENTIETH: At all times relevant to this action Hearty was a Supervisor at Roberts who had the authority to hire, fire, and make personnel decisions.

TWENTY-FIRST: Hearty aided, abetted, incited, controlled, compelled, and/or coerced the acts against plaintiff that are forbidden under NYEL.

TWENTY-SECOND: Hearty actually participated in the conduct giving rise to plaintiff's discrimination claims and is thereby individually liable for his willful, wanton and malicious discriminatory treatment against plaintiff pursuant to NYEL.

TWENTY-THIRD: At all times relevant to this action plaintiff was a member of a protected class as defined under the ADEA, as he was over Forty (40) years of age.

TWENTY-FOURTH: At all times relevant to this action plaintiff was over the age of Forty (40) years old.

TWENTY-FIFTH: At all times relevant to this action, plaintiff was employed by Roberts from on or about July 2015, up to and including November 21, 2015.

## FACTS

TWENTY-SIXTH: On or about July 2015, plaintiff was a Laborer at Roberts' job site in Commack, New York ("Commack New Job").

TWENTY-SEVENTH: As Roberts' Laborer, plaintiff successfully performed all of his position responsibilities, which included but was not limited to, chopping concrete, cleaning up exterior water-proofing materials, paper-backing the entire building, putting up fencing around the job site, breaking down Two (2) double wide trailers and reassembling them, grinding out concrete for window installation, and general overall job-site cleaning.

TWENTY-EIGHTH: Due to his vast experience and skills, Roberts requested that plaintiff sometimes work partial days on another one of its projects titled its "Linac Project," however, plaintiff's main job-site position responsibilities were at Commack New Construction.

TWENTY-NINTH: While plaintiff was employed at Roberts, plaintiff was subjected to ongoing severe and pervasive age discrimination while performing his position responsibilities.

THIRTIETH: As an example of the ongoing severe and pervasive age discrimination that plaintiff was subjected to at Roberts, he was repeatedly asked by Van Schack and Hearty "How old are you," in a mocking tone and "Why don't you retire."

THIRTY-FIRST: Van Schack's ongoing actions of age discrimination against plaintiff included repeatedly referring to plaintiff as "Grandpa," "Popps," and "Poppa Chop" while plaintiff was successfully performing his position responsibilities at Roberts.

4

THIRTY-SECOND: In addition to plaintiff personally hearing these ongoing age discrimination comments against him, Eddy Kenna ("Kenna"), a co-worker of plaintiff, also had firsthand knowledge, witnessed, and heard Van Schack's and Hearty's discriminatory conduct against plaintiff.

THIRTY-THIRD: Both plaintiff and Kenna were witnesses to and heard Van Schacks ongoing age discrimination comments against plaintiff which also included Van Schack's discriminatory comments to plaintiff such as "Get rid of the old guy (plaintiff) from the Hall."

THIRTY-FOURTH: Plaintiff felt humiliated and embarrassed by Van Schack's and Hearty's continuous and ongoing age discrimination against him.

THIRTY-FIFTH: A further example of the ongoing age discrimination suffered by plaintiff is demonstrated when Van Schack said to Sal Macri ("Macri"), a co-worker of plaintiff, that he wanted to get rid of plaintiff due to his "old age" and regularly referred to plaintiff as an "old man."

THIRTY-SIXTH: In response to Van Schack's age discrimination against plaintiff, Macri stated that plaintiff could perform all the job functions and his age was not an issue.

THIRTY-SEVENTH: Van Schack responded to Macri that he wanted to get a greater amount of "younger people to work at Roberts."

THIRTY-EIGHTH: On or about November 21, 2015, Roberts took the discriminatory adverse action based on plaintiff's age and terminated plaintiff with their pretext due to "lack of work," despite work being continuously available and the fact that plaintiff was replaced by substantially younger individuals to perform plaintiff's position responsibilities which clearly demonstrates Roberts' action against plaintiff was more likely than not motivated with discriminatory motive due to his age.

5

THIRTY-NINTH: Further pretext is demonstrated, that in fact there was no lack of work, as Van Schack, a substantially younger similarly situated worker, received overtime pay after plaintiff's wrongful termination from Roberts, which upon information belief was for work performed by plaintiff as part of his position responsibilities.

FORTIETH: To be clear, plaintiff was replaced by Antonino Giambalvo ("Giambalvo") and Frank Dankowski ("Dankowski") Two (2) substantially younger individuals, which clearly demonstrates Roberts' age discrimination against plaintiff and that its legitimate business reason of getting rid of him was a pretext and was in fact based on his age.

FORTY-FIRST: Giambalvo is substantially younger, at least Fifteen (15) years younger, than plaintiff at the time he replaced plaintiff.

FORTY-SECOND: Dankowski is substantially younger, at least Fifteen (15) years younger, than plaintiff at the time he replaced plaintiff.

FORTY-THIRD: At the time plaintiff was replaced by Giambalvo and Dankowski, plaintiff was more qualified and had more experience than both Giambalvo and Dankowski.

FORTY-FOURTH: Plaintiff has been a union member of the Local 66 since 1965 and as such has substantially more experience than both Giambalvo and Dankowski.

FORTY-FIFTH: Plaintiff was replaced by Two (2) substantially younger individuals, Giambalvo and Dankowski.

FORTY-SIXTH: Roberts knew or should have known that its actions constituted unlawful age discrimination in violation of the ADEA.

FORTY-SEVENTH: Roberts' violations of the ADEA were willful.

6

FORTY-EIGHTH: As such, the ongoing severe and pervasive conduct as for and against plaintiff at Roberts clearly shows age discrimination against plaintiff in violation of the ADEA.

FORTY-NINTH: Roberts is an employer within the meaning of "employer" under § 290 *et seq.* of NYEL.

FIFTIETH: At all relevant times, Roberts employs more than Four (4) employees and has business locations within the jurisdiction of this Court.

FIFTY-FIRST: At all relevant times Roberts had the power to hire, fire, and carry out personnel decisions.

FIFTY-SECOND: Roberts aided and/or abetted and/or ratified the discriminatory treatment plaintiff was subjected to.

FIFTY-THIRD: Through its supervisors, Roberts directly participated in the discriminatory actions towards plaintiff.

FIFTY-FOURTH: Roberts' actions were willful and/or intentional.

FIFTY-FIFTH: As such, Roberts' conduct demonstrates age discrimination against the plaintiff in violation of NYEL § 290 *et seq.*

FIFTY-SIXTH: At all relevant times Van Schack had the power to hire, fire, and carry out personnel decisions.

FIFTY-SEVENTH: Van Schack aided and/or abetted and/or ratified the discriminatory treatment plaintiff was subjected to.

FIFTY-EIGHTH: Van Schack directly participated in the discriminatory actions towards plaintiff.

FIFTY-NINTH: Van Schack's actions were willful and/or intentional.

SIXTIETH: As such, Van Schack's conduct clearly demonstrates age discrimination against the plaintiff in violation of NYEL § 290 *et seq.*

SIXTY-FIRST: At all relevant times Kearn had the power to hire, fire, and carry out personnel decisions.

SIXTY-SECOND: Kearn aided and/or abetted and/or ratified the discriminatory treatment plaintiff was subjected to.

SIXTY-THIRD: Kearn directly participated in the discriminatory actions towards plaintiff.

SIXTY-FOURTH: Kearn actions were willful and/or intentional.

SIXTY-FIFTH: As such, Kearn's conduct further demonstrates age discrimination against the plaintiff in violation of NYEL § 290 *et seq.*

SIXTY-SIXTH: At all relevant times Hearty had the power to hire, fire, and carry out personnel decisions.

SIXTY-SEVENTH: Hearty aided and/or abetted and/or ratified the discriminatory treatment plaintiff was subjected to.

SIXTY-EIGHTH: Hearty directly participated in the discriminatory actions towards plaintiff.

SIXTY-NINTH: Hearty's actions were willful and/or intentional.

SEVENTIETH: As such, Hearty's conduct clearly demonstrates age discrimination against the plaintiff in violation of NYEL § 290 *et seq.*

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1. For all actual damages recoverable as a matter of law for Roberts' violations of 29 U.S.C. §621 as for and in regard to its deprivation of plaintiff's federally protected rights;

2. For all compensatory damages recoverable as a matter of law for Roberts' violations of 29 U.S.C. §621 as for and in regard to its deprivation of plaintiff's federally protected rights;

3. For all liquidated damages recoverable as a matter of law for Roberts' violations of 29 U.S.C. §621 as for and in regard to its deprivation of plaintiff's federally protected rights;

4. For a money judgment representing actual damages for Roberts' actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

5. For a money judgment representing compensatory damages for Roberts' actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

6. For a money judgment representing emotional damages for Roberts' actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

7. For a money judgment representing actual damages for Van Schack's actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

8. For a money judgment representing compensatory damages for Van Schack's actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

9. For a money judgment representing emotional damages for Van Schack's actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

10. For a money judgment representing actual damages for Kearn's actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

11. For a money judgment representing compensatory damages for Kearn's actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

12. For a money judgment representing emotional damages for Kearn's actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

13. For a money judgment representing actual damages for Hearty's actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

14. For a money judgment representing compensatory damages for Hearty's actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

15. For a money judgment representing emotional damages for Hearty's actions against plaintiff in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury.

16. For equitable and injunctive relief;

17. For reasonable attorney's fees and costs; and

18. For such other relief as the Court may deem just and proper.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury of all issues in this action.**

Dated: Islandia, New York
January 17, 2017

**SCOTT MICHAEL MISHKIN, P.C.**

By: Scott Michael Mishkin, Esq.
One Suffolk Square, Suite 240
Islandia, New York 11749
Telephone: 631-234-1154
Facsimile:  631-234-5048
*Attorneys for Plaintiff*